**HANEKE, Plaintiff-Appellant v. MAYFLOWER DOUGHNUT CORPORATION, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19619. Decided October 9, 1944.

Grossman, Carter, Hamilton & Rosenman, Cleveland, for plaintiff-appellant.

S. L. Heckman, Cleveland, for defendant-appellee.

## OPINION

By MORGAN, P. J.

The plaintiff filed his appeal in this court on the ground that the trial court erred in directing a verdict for defendant at the close of plaintiff's evidence.

Plaintiff appellant, Haneke, accompanied by his friend, Osbun, on Monday, July 11, 1942, went to lunch at defendant's restaurant located on Euclid Avenue, a little east of the Public Square. They seated themselves at a small table, thirty inches wide, located in an alcove on the westerly side of the restaurant. The plaintiff sat with his back to the west wall facing Osbun who was seated opposite to him. On both sides of the table at which plaintiff and Osbun were seated, and within the alcove, were two somewhat larger tables occupied by patrons.

Both the plaintiff and Osbun gave their orders to the waitress for waffles and sausages. Shortly thereafter the waitress

returned with the orders and she placed one plate in front of Osbun. Because of the presence of the tables on both sides of the table at which plaintiff and Osbun were seated, the waitress reached over Osbun's shoulder and across the thirty inch table to serve the plaintiff. To assist the waitress, plaintiff took hold of the plate when it was a few inches above the table. He dropped the plate immediately because it was "extremely hot", saying "Gee, that sure is hot."

The waitress did not ask the plaintiff to take the plate but Osbun testified as follows:

"Q. Describe just how Mr. Haneke's plate was handled.

A. The waitress approached to my back and placed my order on the table before me, and handed Mr. Haneke a plate with his. He was seated across the table from me.

Q. Did she hand it to him, or did she put it on the table?

A. She handed it to him."

Plaintiff and Osbun examined the plate and found that one side which was handled by the waitress was only warm, whereas the other side which was grasped by the plaintiff was "extremely hot."

When the plaintiff returned to his hotel room later in the afternoon he found his right thumb to be very painful, from the burn and he treated it with Unguentine and Epsom Salts. By the following Thursday the pain had increased to such a degree that plaintiff returned to his home in Lima, Ohio, and called a surgeon who lanced the thumb three times and continued to treat it for over a month. Plaintiff testified that he lost thirty days time by reason of the injury.

In granting the motion to direct a verdict at the close of plaintiff's case, the court said that the plaintiff could not recover because he "had voluntarily taken that plate from the waitress" and "he burned himself, according to the testimony, when he took that plate from the waitress." However, there was evidence introduced from which the jury could have found that the plate had been handed to the plaintiff by the waitress, so that he was not a "volunteer." Even if, however, the waitress did not indicate by gestures or otherwise that she desired the plaintiff to assist her in placing the plate on the table, it is our opinion that it cannot be said in this case that as a matter of law the plaintiff "burned himself." From the fact shown by the evidence that the waitress reached across Os-

bun's shoulder and across a table thirty inches wide, to deposit plaintiff's plate on the table, the plaintiff cannot be said as a matter of law to have been negligent in grasping the plate to assist the waitress. On this point we agree with the trial judge when, in passing upon the motion to direct, he said:

"In this case, the testimony is that the girl brought in two plates of waffles, put one before Mr. Osbun who was sitting closer to where she was serving, and the other one was across a narrow table and in reaching over Mr. Heneke wanted to be helpful and so he did what all of us do. I have done it, everyone in this room has done it before, just simply helped, that is all. We put up our hand and take a plate from the waitress and put it down."

The principle on which recovery in such a case as this is based is well stated in 2 Restatement of the Law of Torts, §307 "Duties as to knowledge of instrumentality."

"It is negligence to use an instrumentality whether a human being or a thing, which the actor knows or should know to be so incompetent, inappropriate or defective that its use involves an unreasonable risk of harm to others."

It is our opinion that this defendant owed a duty to the plaintiff as its patron and guest, in the exercise of ordinary care, not to hand to or to place before the plaintiff a plate so hot that it might cause him injury. Even if the plaintiff had not grasped the plate when he did, it is a matter of common knowledge that it is not at all uncommon for a patron of a restaurant to take hold of a plate used in serving him to move it to a more convenient position or for other purposes. Clearly the patron cannot be expected to know of the overheated condition of the plate.

Whether or not in this case the defendant was guilty of negligence in serving the plaintiff with a plate in such an overheated or defective condition that "its use involved an unreasonable risk of harm" to the plaintiff presents in our opinion a jury question, and therefore the trial court erred in directing a verdict for the defendant at the close of the plaintiff's evidence.

476

The cause is reversed and remanded to the Municipal Court of Cleveland for further proceedings according to law.

SKEEL and LIEGHLEY, JJ., concur.